1  DENNIS M. BROWN, Bar No. 126575
   ERICA H. KELLEY, Bar No. 221702
2  NATHALIE A. LE NGOC, Bar No. 254376
   LITTLER MENDELSON
3  A Professional Corporation
   50 West San Fernando Street
4  15th Floor
   San Jose, CA  95113.2303
5  Telephone:   408.998.4150
   Fax No.:   408.288.5686
6
   Attorneys for Defendants
7  SEARS, ROEBUCK AND CO.    E-FILING

**ORIGINAL FILED**

08 JUL -3 PM 2: 01

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA S.J.

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  LOU ANN LOWENSTEIN,            Case No.  **C08  03237  PJH**

12              Plaintiff,          **NOTICE TO FEDERAL COURT OF
                                   REMOVAL OF CIVIL ACTION FROM
13         v.                       STATE COURT**

14  SEARS, ROEBUCK AND CO., a       **28 U.S.C. § 1441(B) DIVERSITY**
    corporation; and DOES 1 through 20,
15  inclusive,

16              Defendants.

17

18  TO THE CLERK OF THE ABOVE ENTITLED COURT:

19         PLEASE TAKE NOTICE that Defendant Sears, Roebuck and Co. ("Defendant") hereby

20  removes the above-entitled action, Case No. CIV-473392, from the Superior Court of the State of

21  California, County of San Mateo, to the United States District Court for the Northern District of

22  California, pursuant to 28 U.S.C. §§1332(a)(1), 1441, and 1446.

23  **I.    JURISDICTION**

24         1.    The U.S. District Court has original jurisdiction over this matter pursuant to 28

25  U.S.C. 1332(a)(1). This case may be removed pursuant to 28 U.S.C. §§1441(b) and 1446 because it

26  is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs,

27  it is between citizens of different states, and no defendant is a citizen of the State of California.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108 2693
415.433.1940

Firmwide:85718055.1 053194.1005

**NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION FROM STATE COURT - DIVERSITY**

## II.    INTRADISTRICT ASSIGNMENT

2.    Venue in the San Francisco Division is proper because the events giving rise to Plaintiff's claim occurred in San Mateo County, California. N.D. Cal. R. 3-2(c).

## III.    GENERAL INFORMATION

3.    On June 4, 2008, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Mateo, entitled, <u>LOU ANN LOWENSTEIN v. SEARS, ROEBUCK & COMPANY, a corporation and DOES I-XX,</u> designated as Case No. CIV-473392.

4.    In the Complaint, Plaintiff alleges that she was discriminated against in her employment with Defendant on the basis of her disability. A true and correct copy of the Summons and Complaint from the San Mateo County Superior Court is attached hereto as **Exhibit "A."**

5.    On June 5, 2008, Defendant was served with the Summons and Complaint, via process server on Defendant's registered agent for service. A true and correct copy of the Service of Process is attached hereto as **Exhibit "B."**

6.    On July 3, 2008, Defendant filed a General Denial and Affirmative Defenses pursuant to Cal. Code of Civ. Proc. § 431.30 in the San Mateo County Superior Court. A true and correct copy of Defendant's General Denial and Affirmative Defenses is attached hereto as **Exhibit "C".**

7.    There is no other defendant, other than Sears, Roebuck and Co., named in the Complaint.

8.    This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within thirty days of June 5, 2008, the date Plaintiff's complaint was served on Defendant. Cal. Code of Civ. Proc. §415.30(c); <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,</u> 526 U.S. 344 (1999); <u>Brown v. Demco, Inc.,</u> 792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from the date served with the original complaint); <u>McAnally Enterprises, Inc. v. McAnally,</u> 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000) (same).

9.    The aforementioned action is a civil action in which this Court has original jurisdiction under provision of Title 28, § 1332(a) of the United States Code and is one that may be removed to this court by Defendant, pursuant to Title 28, Section 1441(b) of the United States Code. This case is a civil action between citizens of different states and it is obvious from the face of the

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA  94108-2693
415.433.1940

**NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION FROM STATE COURT - DIVERSITY**

1    Complaint that Plaintiff seeks more than $75,000 in damages, exclusive of interest and costs.

2    **IV.    DIVERSITY**

3           10.    Diversity grounds for removal exist based upon the following:

4                  a.    Defendant is informed and believes that Plaintiff was, at the time of

5    commencing this action, and still is, a citizen and resident of San Mateo County, California.

6    (Complaint ¶2.)

7                  b.    At the time this action was commenced in state court, Defendant was,

8    and still is, a corporation incorporated under the laws of the State of New York with its principal

9    place of business in the State of Illinois. Thus, Defendant is not a citizen of the State of California

10   where this action was brought. 28 U.S.C. §§1332 (c)(1).

11                 c.    Defendants designated as DOES I to XX are fictitious defendants, are

12   not parties to this action, have not been named or served, and are to be disregarded for the purpose of

13   this removal. 28 U.S.C. § 1441(a). McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.

14   1987). The Doe defendants, therefore, need not consent to this removal.

15          11.    No other party has been named or has been served as of the date of this removal.

16   **V.    AMOUNT IN CONTROVERSY**

17          12.    In order to satisfy the $75,000 amount in controversy requirement, the removing party

18   must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. Sanchez

19   v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

20          13.    The District Court may consider whether it is facially apparent from the complaint

21   that the jurisdictional amount is met. Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377

22   (9th Cir. 1997); Conrad Assoc. v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1198

23   (N.D. Cal. 1998).

24          14.    In the present case, Plaintiff's Complaint seeks monetary damages, lost wage

25   earnings, retirement benefits and other employee benefits, emotional distress damages, attorney's

26   fees, which, on the face of the complaint, seek an aggregate amount in excess of $75,000. The

27   aggregation of Plaintiff's claims is sufficient to meet the $75,000 amount in controversy

28   requirement. Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION FROM STATE COURT - DIVERSITY**

1   59, 62 (2d Cir. 1999); <u>White v. FCI USA, Inc.</u> (5th Cir. 2003) 319 F.3d 672, 674.  <u>See</u> <u>Bank of</u>

2   <u>California v. Twin Harbors Lumber Co.</u>, 465 F.2d 489, 491 (9th Cir. 1972).

3        15.    In addition to compensatory damages, punitive damages are also properly included in

4   computing the jurisdictional amount.  <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 945 (9th Cir. 2001).

5   In this matter, Plaintiff has pleaded claims for punitive damages in paragraph 32.  A removing

6   defendant may demonstrate that it is "facially apparent" from the complaint that the claims likely

7   exceed $75,000, by showing that punitive damages have been pleaded.  In <u>White v. FCI USA, Inc.</u>,

8   319 F.3d 675-676, the Court held that it was facially apparent that plaintiff's wrongful termination

9   claim exceeded the $75,000 amount in controversy jurisdictional requirement based on her "lengthy

10  list of compensatory and punitive damages" which included a claim for loss of pay, benefits,

11  impaired future earning capacity, harm to credit and emotional distress.

12       16.    Plaintiff has also pleaded a claim for emotional distress damages and attorney's fees.

13  Attorney's fees recoverable by statute or contract are also properly included in the amount in

14  controversy.  <u>See</u> <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998).  Prevailing

15  plaintiffs asserting claims for discrimination under the Fair Employment and Housing Act "FEHA"

16  may recover attorney fees.  <u>See</u> Cal. Govt. Code § 12965(b); Cal. Code of Civ. Proc. §§ 1032,

17  1033.5(a)(10).

18       17.    Accordingly, it is apparent from the face of the Complaint that the $75,000 amount in

19  controversy requirement is met.  <u>See</u> <u>Bosinger v. Phillips Plastics Corp.</u>, 57 F. Supp.2d 986, 989

20  (S.D. Cal. 1999) (finding federal jurisdiction over matter, noting that since plaintiff had pleaded

21  contract and tort damages, along with punitive damages, the complaint exceeded the $75,000 amount

22  in controversy requirement).

23       18.    Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

24       19.    Defendant Sears, Roebuck and Co., and its attorneys, join and consent to the removal

25  of this cause to the United States District Court for the Northern District of California, San Francisco

26  Division.

27       20.    All pleadings, process or orders received by Defendant in the case are attached

28  hereto.  Defendant has received no other process pleadings or orders.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA 94108-2693
415 433.1940

**NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION FROM STATE COURT - DIVERSITY**

## VI.   NOTICE TO COURT AND ADVERSE PARTIES

21.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of San Mateo.

Dated: July 3, 2008

DENNIS M. BROWN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
SEARS, ROEBUCK AND CO.

**NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION FROM STATE COURT - DIVERSITY**

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEARS; ROEBUCK AND CO., a corporation; and
DOES 1 through 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
LOU ANN LOWENSTEIN

---

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 0 4 2008

Clerk of the Superior Court
By R. Montgomery
DEPUTY CLERK

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Mateo Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>**473392** |

400 County Center                    Redwood City, CA  94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Neil Gieleghem                        Gieleghem Law Firm
1875 Century Park East, Suite 700     Los Angeles, CA  90067
310 284 3252

| DATE: **JUN 0 4 2008** | JOHN C. FITTON | Clerk, by | R. MONTGOMERY | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Sears, Roebuck and Co.
   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☑ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* June 5, 2008  9:57 AM

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

SUMMONS

Code of Civil Procedure §§ 412.20, 465

)                          )

| | |
|---|---|
| 1 | Neil Gieleghem     SBN 107389 |
| | Gieleghem Law Office |
| 2 | 1875 Century Park East, Suite 700 |
| | Los Angeles, CA 90067 |
| 3 | Telephone: (310) 284-3252 |
| | Telecopier: (310) 284-3253 |
| 4 | ngieleghem@sbcglobal.net |
| 5 | Attorneys for Plaintiff Lou Ann Lowenstein |

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 0 4 2008

Clerk of the Superior Court
By _____ R. Montgomery
DEPUTY CLERK

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN MATEO

10

11   LOU ANN LOWENSTEIN,                )    CASE NO. CIV 4 7 3 3 9 2

12                    Plaintiff,        )

                                        )    PLAINTIFF'S COMPLAINT FOR:
13            vs.                       )
                                        )    1.    DISCRIMINATION  IN
14   SEARS, ROEBUCK AND CO., a corporation;   VIOLATION OF CALIFORNIA FAIR
                                        )    EMPLOYMENT AND HOUSING ACT
15   and DOES 1 through 20, inclusive,  )
                                        )    JURY TRIAL DEMANDED
16                    Defendants.       )
                                        )    BY FAX
17   _____)

18       Plaintiff LOU ANN LOWENSTEIN (hereinafter "Plaintiff" or "Lowenstein") alleges as

19   follows, and demands a trial by jury of all issues and for causes of action set forth below:

20                              GENERAL ALLEGATIONS

21       1.     This Court is the proper court and this action is properly filed in the County of

22   San Mateo, State of California because Defendants do business in the County of San Mateo;

23   because Defendants' obligations and liability arise therein; and because the wrongful acts by

24   Defendants complained of herein were committed in this County.

25       2.     Plaintiff is a female person born on or about February 14, 1961, and at all times

26   relevant was and is a resident of the County of San Mateo, State of California. Plaintiff was

27   employed by Defendants from October, 1985 to December 3, 2005, when she was discriminated

28   against and constructively discharged in violation of California law, as alleged below.

                                           1

                                                                        COMPLAINT

3.     Plaintiff is informed and believes, and thereon alleges, that Defendant SEARS, ROEBUCK AND CO. (hereinafter "Sears") is a New York corporation doing business in, among other locations, the County of San Mateo at, among other locations, 40 Hillsdale Mall, San Mateo, California.

4.     The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff at this time, who therefore sues the DOE Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of said DOE Defendants when the same have been ascertained.

5.     At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was partly written, partly oral and partly implied.

6.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees of each other, and/or acting under the direction and control of each other; and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Plaintiff Suffers From Turner Syndrome

7.     Until shortly before she was constructively discharged, Ms. Lowenstein had worked for Sears without incident for about 20 years (from approximately October, 1985 to December, 2005) as a merchandising and customer assistance person, and was earning $10.95 an hour at the time of her termination.

8.     At the time she was hired, Ms. Lowenstein suffered from (and still suffers from) a well-recognized medical condition known as "Turner Syndrome" ("TS"). Plaintiff is informed and believes, and on that basis alleges, that, broadly stated, TS is a chromosomal condition that describes girls and women with common features that are caused by complete or partial absence of the second sex chromosome. The syndrome is named after Dr. Henry Turner, who was among the first to describe its features in the 1930s.

9.     Plaintiff is informed and believes, and thereon alleges, that TS occurs in approximately 1 in 2,000 live female births, and in as many as 10% of all miscarriages. TS has a number of physical characteristics, the most common or obvious of which is shorter stature. The average height of an adult TS woman who has received human growth hormone treatment is 4'8." Consistent with this, Ms. Lowenstein is of very diminutive stature.

10.     Plaintiff is informed and believes, and thereon alleges, that TS has other physical characteristics, the presence and/or degree of which vary greatly between individuals. TS individuals are, on average, of normal overall intelligence with the same variance as the general population. Ms. Lowenstein, however, suffers from mental impairment as a result of her condition. Despite this mental impairment, Ms. Lowenstein is a high school graduate, and can communicate and function effectively in the workplace (as evidenced by her long employment with Sears).

11.     Plaintiff is informed and believes, and thereon alleges, that TS individuals can be more "retiring," and less confrontational, in high-stress situations.  In this regard, Ms. Lowenstein is more sensitive to unwarranted criticism and harassment, and less able to "defend" herself, than a similarly situated non-TS person.

**Despite Suffering From Turner Syndrome, Ms. Lowenstein Worked Successfully For Sears For Almost Two Decades**

12.     Ms. Lowenstein's TS was not an issue for Sears when she was hired in 1985 to stock merchandise on the sales floor, to return merchandise to the sales floor from the fitting rooms, and to organize merchandise by size on the correct racks.  Broadly stated, Ms. Lowenstein held the same position, and did the same core job functions, throughout her tenure at Sears, although she worked at several different Sears stores in the San Francisco Bay Area.

13.     There is no evidence that Sears had any issues with Ms. Lowenstein's ability to do her job, or her job performance, for almost 20 years after her hire.  To the contrary, Ms. Lowenstein clearly met all of Sears's expectations, as evidenced by her continued employment and the lack of any evidence of unsatisfactory job performance.

14.     Ms. Lowenstein enjoyed working for Sears, and enjoyed the sense of

1   responsibility and freedom she gained by being employed.  Ms. Lowenstein also enjoyed

2   interacting with her fellow Sears employees, and with customers.  These emotionally affirming

3   aspects of Ms. Lowenstein's employment were particularly important to her. Ms. Lowenstein's

4   condition requires her to live with her elderly parents, and the sense of personal worth and

5   identity, and the interaction with other people, that she got from her job represent a significant

6   aspect of her damages.

7   **The Work Environment Changes When Ms. Lowenstein Is Assigned To A New**

8   **Supervisor**

9        15.    There is no reason to believe that Ms. Lowenstein would not have continued to

10  work for Sears until her retirement at age 65.  In approximately April, 2005, however, Ms.

11  Lowenstein was assigned a new immediate supervisor, Jayti Dasgupta.  (Plaintiff is informed

12  and believes, and on that basis alleges, that Dasgupta was Plaintiff's "supervisor" in the Sears

13  workplace within the meaning of California's Fair Employment and Housing Act ("FEHA").)

14  From that point on, Ms. Lowenstein's working conditions deteriorated consistently until her

15  constructive discharge in late November/early December, 2005.

16       16.    Dasgupta seemed to take an immediate dislike to Ms. Lowenstein.  Dasgupta

17  found fault with virtually everything that Ms. Lowenstein did, even though her work

18  performance remained the same.  For example, Dasgupta would repeatedly complain that Ms.

19  Lowenstein "wasn't working fast enough" in re-racking merchandise, and clap her hands at Ms.

20  Lowenstein in a demeaning manner in an effort to make her work faster.

21       17.    Dasgupta also made derogatory comments about Ms. Lowenstein to the latter's

22  fellow employees; yelled at her in front of other employees (and customers); and otherwise went

23  out of her way to make Ms. Lowenstein's working environment as unpleasant as possible.  On

24  a number of occasions, Dasgupta's harassment reduced Ms. Lowenstein to tears, which were

25  noticed by other employees and customers.

26       18.    Dasgupta also made a deliberate effort to "rattle" Ms. Lowenstein; to make her

27  nervous; and to force her to quit.  Among other things, Dasgupta repeatedly asked Ms.

28  Lowenstein "How did you get a job here?"; claimed that she was the only merchandising

4

1    associate that ever made any mistakes; and told Ms. Lowenstein that "If you don't shape up in

2    30 days, you're gone."

3        19.    Dasgupta's sudden fault-finding campaign against Ms. Lowenstein stands in stark

4    contrast to the latter's prior employment history with Sears. This campaign is patently

5    pretextural. Whatever the improper and illegal motivation for this ill-treatment – e.g., lack of

6    proper management training and supervision; ignorance of the applicable anti-discrimination

7    laws; misplaced concern about Ms. Lowenstein's appearance to customers – Dasgupta clearly

8    decided that Ms. Lowenstein "had to go."

9        20.    Other Sears employees noticed the way in which Dasgupta was singling out Ms.

10   Lowenstein, including the store's Human Resources officer, Holly Wolak. Unfortunately, the

11   latter apparently did nothing to address the problem, and Dasgupta's harassment continued.

12       21.    Ms. Lowenstein ultimately reached her breaking point. In October 2005, she met

13   with Ms. Dasgupta and the store manager, Valerie Funai. (Plaintiff is informed and believes, and

14   on that basis alleges, that Funai also was Plaintiff's "supervisor" in the Sears workplace within

15   the meaning of the FEHA). Ms. Lowenstein requested to be transferred to another department.

16   This request was refused, and Dasgupta's harassment campaign continued unchecked.

17       22.    On or about November 30, 2005, Dasgupta again unfairly harassed Ms.

18   Lowenstein about her job performance, and again reduced her to tears. Ms. Lowenstein became

19   so upset that she did not feel she could remain in the workplace for the three-hour remainder of

20   her shift, and told Dasgupta she was leaving for the day. As she left, Ms. Lowenstein returned

21   to Dasgupta the store mobile telephone that she had been using in connection with her job duties.

22       23.    In the process of leaving for the day, Ms. Lowenstein did not say "I quit," or

23   anything else that would have caused a reasonable, unbiased supervisor to conclude that Ms.

24   Lowenstein was suddenly and unceremoniously ending her employment with Sears after almost

25   20 years on the job. Consistent with this, Ms. Lowenstein returned for work on her next

26   scheduled shift day. On arrival, however, Ms. Lowenstein was told that she had "abandoned"

27   her job by leaving early on November 30, 2005.

28       24.    Significantly, Sears's internal documentation is inconsistent with the company's

1  current claim that Ms. Lowenstein "quit" or "abandoned her job" on November 30, 2005.

2  Specifically, the "Associate Separation Form" prepared by the store's Human Resource officer,

3  Ms. Wolak, states that Ms. Lowenstein "voluntarily terminated" her employment effective

4  December 3, 2005.

5  ### Sears's Failure To Conduct An Impartial Investigation Of Ms. Lowenstein's Claims of

6  ### Harassment And Discrimination

7      25.     After her constructive discharge, Ms. Lowenstein complained in writing to Sears

8  about her mistreatment. As far as Ms. Lowenstein is aware, Sears failed to conduct any impartial

9  investigation into her claims as required by California law. For example, Sears has never

10  requested to interview Ms. Lowenstein, and Ms. Lowenstein has no information that the

11  company interviewed any of the potential employee and customer witnesses to her mistreatment.

12  Further, Ms. Lowenstein is unaware that Sears ever took any disciplinary action against

13  Dasgupta, or the other supervisory personnel involved.

14  ### Exhaustion of Administrative Remedies

15      26.     On or about June 14, 2006, Ms. Lowenstein filed an administrative complaint

16  with the California Department of Fair Employment and Housing ("DFEH") against Sears, which

17  complaint also named Ms. Dasgupta. A true and correct copy of this DLSE complaint is attached

18  hereto as Exhibit A. On or about June 8, 2007, the DFEH issued Plaintiff "right-to-sue" letters

19  as to Sears and as to Ms. Jayti. True and correct copies of these right-to-sue letters are Exhibit

20  B and made part hereof. Therefore, all conditions precedent to the institution of this lawsuit have

21  been fulfilled.

22  ### FIRST CAUSE OF ACTION

23  (Discrimination in Employment In Violation of the FEHA,

24  Against All Defendants, Cal. Gov. Code § 12940 et seq.)

25      27.     Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth

26  herein, the allegations contained in Paragraphs 1 through 26, above.

27      28.     Defendants are subject to the laws of the State of California and are entities

28  subject to suit under the FEHA for discrimination. The FEHA, Gov. Code § 12940(h) makes

1    it an unlawful employment practice for an employer to discriminate against any person in

2    recruiting, hiring, training, promotion, compensation, discipline or discharge, or any other term,

3    condition or privilege of employment because of, among other things, physical and/or mental

4    disability.

5        29.    In acting in the manner alleged above, Defendants engaged in an unlawful

6    employment practice against Ms. Lowenstein, in violation of the FEHA.

7        30.    Further, Defendants, via their supervisors, and/or its agents knew or should have

8    known of the discrimination committed against Ms. Lowenstein and failed to take prompt

9    remedial action; failed to investigate adequately, or at all, Ms. Lowenstein's complaints of

10    harassment and discrimination; and discipline the culpable employees involved.

11        31.    As a proximate result of Defendants' actions, Ms. Lowenstein suffered and will

12    continue to suffer damages in terms of lost wages, lost bonuses, and other compensation benefits,

13    attorneys' fees, costs of suit and other pecuniary loss according to proof, and in an amount in

14    excess of the jurisdictional threshold of this Court. Ms. Lowenstein has also suffered and will

15    continue to suffer physical and emotional injuries, including nervousness, humiliation,

16    depression, anguish, embarrassment, fright, shock, pain, discomfort and anxiety in an amount

17    to be proven at trial.

18        32.    Ms. Lowenstein is informed and believes that Defendants' acts, as herein alleged,

19    were carried out by its supervisory/managerial employees, officers and directors, and were

20    directed or ratified by Defendants with a conscious disregard of Ms. Lowenstein's rights and

21    with the intent to vex, injure, and annoy her, such as to constitute oppression, fraud or malice

22    under Civil Code § 3294, entitling Ms. Lowenstein to punitive damages in a sum appropriate to

23    punish and set an example of Defendants.

24        33.    As a result of Defendants' discriminatory acts and wrongdoing as alleged herein,

25    Ms. Lowenstein also is entitled to reasonable attorneys' fees and costs of suit as provided in the

26    FEHA, Government Code § 12965(b).

27        **PRAYER**

28        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

7

1  them, as follows:

2      1.    For a money judgment representing compensatory damages including lost wages,

3  earnings, retirement benefits and other employee benefits, and all other sums of money, together

4  with interest on these amounts, according to proof;

5      2.    For a money judgment for mental pain and anguish and emotional distress,

6  according to proof;

7      3.    For an award of punitive damages, according to proof;

8      4.    For costs of suit and attorney fees;

9      5.    For prejudgment and postjudgment interest; and

10     6.    For any other relief that is just and proper.

11

12  Dated: June 3, 2007                    GIELEGHEM LAW OFFICE

13

14

15                                        Neil Gieleghem
                                          Attorneys  for  Plaintiff  Lou  Ann
16                                        Lowenstein

17

18

19

20

21

22

23

24

25

26

27

28

                                          8

)                                      )

**EXHIBIT A**
**DEFH COMPLAINT**

\* \* \* **EMPLOYMENT** \* \* \*

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200506 A-1324-00-pe

EEOC # 37AA611113

If dual-filed with EEOC, this form may be effected by the Privacy Act of 1974.

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (Indicate Mr. or Ms.)
Lowenstein, Lou Ann (Ms.)

TELEPHONE NUMBER (INCLUDE AREA CODE)
(650) 591-2214

ADDRESS
1223 Howard Avenue

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|------|-------|-----|--------|-------------|
| San Carlos | CA | 94070 | San Mateo | 081 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Sears

TELEPHONE NUMBER (INCLUDE AREA CODE)
(650) 295-2035

ADDRESS
40 Hillsdale Mall

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|------|-------|-----|--------|-------------|
| San Mateo | CA | 94403 | San Mateo | 081 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE  ☒ SEX ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY ☐ DENIAL OF FAMILY/MEDICAL LEAVE ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☐ OTHER (SPECIFY) _____

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| 10,000 | TOOK PLACE (month, day, and year) 11/05/05 | 59 |

THE PARTICULARS ARE:

I.  Between April 2004, and November 30, 2005, I was harassed by Jayti Dasgupta, Manager. On November 30, 2005, I was constructively discharged (forced to quit). I began working for the employer on October 30, 1985. At the time my employment ended I was earning $10.95 an hour.

II.  I believe I was harassed on the basis of my disability, Turner Syndrome, and constructively discharged because of the harassment. My belief is based on the following:

A. Between April 2004, and November 30, 2005, I was harassed because of my disability by Jayti Dasguta, Manager. The harassment was verbal in nature, and the conduct was severe and pervasive enough to create a hostile work environment. (notes on file with DFEH)

B. In October 2005, during a meeting with the Manager, and Store Manager, I requested to transfer to another department because of the harassment, but I was denied. The employer failed to provide me a harassment free work environment and take immediate action when I reported the harassment.

C. On November 30, 2005, I was constructively discharged due to the harassment of Jayti Dasguta, and the employer failing to provide me a harassment free work environment.

Page 1 of 2

# * * * EMPLOYMENT * * *

| | |
|---|---|
| **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** | DFEH #    E200506 A-1324-00-pe |
| | EEOC #    N/A |

COMPLAINANT'S NAME(S) (indicate Mr. or Ms.)
Lowenstein, Lou Ann (Ms.)

RESPONDENT'S NAME
Sears

THE PARTICULARS ARE:

D.  I have successfully worked for the employer for twenty years (20) and never had any problems until Jayti Dasguta became my Manager in April 2004.

RECEIVED

JUN 1 4 2006

BY SAN FRANCISCO DISTRICT OFFICE

Page 2 of 2

---

Typed and mailed for signature on 06/12/06

☑ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   6-13-06

At  _____
          City

COMPLAINANT'S SIGNATURE

DFEH-300-01 (06/97)     SF:TB:pw
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:   June 14, 2006   STATE OF CALIFORNIA

}                                          }

**EXHIBIT B**
**DEFH "RIGHT TO SUE" LETTERS**

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov

June 8, 2007

NEIL GIELEGHEM
ATTY
LAW OFFICES OF NEIL GIELEGHEM
1801 CENTURY PARK, E. STE 2300
LOS ANGELES, CA 90067

RE:    E200506A1324-00-pe/37AA604343
       LOWENSTEIN/SEARS

Dear NEIL GIELEGHEM:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed effective June 8, 2007. Please be advised that this recommendation has been accepted.

Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission
(EEOC) for further review. If so, pursuant to Government Code section 12965,
subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's
review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator

cc:    Case File

Jeanne Barlett
Fair Employment Consultant
Sears Holding Management Corp
3333 Beverly Road, A3-119B
Hoffman Estates, IL  60179

DFEH-200-08ew (06/06)
ANWAOPAM

)                                     )

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                  ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov



June 8, 2007


NEIL GIELEGHEM
ATTY
LAW OFFICES OF NEIL GIELEGHEM
1801 CENTURY PARK, E. STE 2300
LOS ANGELES, CA 90067

RE:  E200506A1324-01-pe
     LOWENSTEIN/DASGUPTA, JAYTI, As an Individual

Dear NEIL GIELEGHEM:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed effective June 8, 2007. Please be advised that this recommendation has been accepted.

Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission
(EEOC) for further review. If so, pursuant to Government Code section 12965,
subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's
review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator


cc:    Case File


JAYTI DASGUPTA
MANAGER
SEARS
40 HILLSDALE MALL
SAN MATEO, CA  94403

DFEH-200-08ew (06/06)
ANWAOPAM

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Neil Gieleghem                                    CSBN 107389
Gieleghem Law Firm
1875 Century Park East, Suite 700
Los Angeles, CA  90067
TELEPHONE NO: 310 284 3252    FAX NO: 310 284 3253
ATTORNEY FOR *(Name)*: Plaintiff

**RECEIVED**

JUN 0 4 2008

SUPERIOR COURT
CIVIL DIVISION

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA  94063 **BY FAX**
BRANCH NAME:

CASE NAME: Lowenstein v. Sears

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | **CIV 4 7 3 3 9 2** |
| | | | JUDGE: | |
| | | | DEPT.: | |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:
   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [X] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify)*: One (Discrimination under FEHA)

5. This case [ ] is   [X] is not   a class action suit.

Date: June 3, 2008

Neil Gieleghem CSBN 107389                    ► _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]
Maria Dean's Essential Forms ™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Lowenstein

EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/05/2008
CT Log Number 513500609

COPY

TO:     Legal Intake B6-263B
        Sears, Roebuck and Co
        3333 Beverly Road
        Hoffman Estates, IL 60179-

RE:     **Process Served in California**

FOR:    Sears, Roebuck and Co  (Domestic State: NY)

*e SOP*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lou Ann Lowenstein, Pltf. vs. Sears, Roebuck and Co , etc.. et al., Dfts |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s). Cover Sheet, Notice of Case Management Conference, Case Management Statement form. Attachment(s), Stipulation and Order form |
| **COURT/AGENCY:** | San Mateo County, Redwood City, Superior Court, CA<br>Case # CIV473392 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On November 30, 2005 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/05/2008 ~~████~~ |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 10/21/2008 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Neil Gieleghem<br>Gieleghem Law Firm<br>1875 Century Park East<br>Ste 700<br>Los Angeles, CA 90067<br>310-284-3252 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/05/2008, Expected Purge Date: 06/10/2008<br>Image SOP - Page(s): 30<br>Email Notification, Legal Intake B6-263B legalint@searshc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Sears Holdings Corp.
Law Dept. Intake

JUN 06 2008

Routed MARY SHIGIELSKI

Page 1 of 1 / JK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents

EXHIBIT C

PLD-050

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Dennis M. Brown, Esq. SB #126575<br>Littler Mendelson, P.C.<br>50 West San Fernando Ave., 15th Fl.<br>San Jose, CA 95113 | TELEPHONE NO.<br>408.998.4150 | FOR COURT USE ONLY |

ATTORNEY FOR *(Name)*: Defendant, SEARS, ROEBUCK AND CO.

NAME OF COURT: Superior Court of California
STREET ADDRESS: County of San Mateo
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063    **BY FAX**
BRANCH NAME:

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 03 2008

Clerk of the Superior Court
By _J. Obaob_
DEPUTY CLERK

PLAINTIFF: LOU ANN LOWENSTEIN

DEFENDANT: SEARS, ROEBUCK AND CO., et al.

**GENERAL DENIAL**

CASE NUMBER:
CIV-473392

---

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You MAY use this form if:

1. The complaint is not verified, OR

2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40.)

---

1. DEFENDANT (name): SEARS, ROEBUCK AND CO.
   generally denies each and every allegation of plaintiff's complaint.

2. ☒    DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary)*:

SEE ATTACHED AFFIRAMTIVE DEFENSES

Date: July 3, 2008

Erica H. Kelley                                        ► _E.J.Kelley_
(TYPE OR PRINT NAME)                                   (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. *(See the other side for a proof of service.)*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2007]

**GENERAL DENIAL**

Code Civ. Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**PLD-050**

| | |
|---|---|
| PLAINTIFF *(name):* LOU ANN LOWENSGTEIN | CASE NUMBER: |
| DEFENDANT *(name):* SEARS, ROEBUCK AND CO. | CIV-473392 |

## PROOF OF SERVICE

☐ **Personal Service**      ☐ **Mail**

> A General Denial may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Service is made in one of the following ways:
>    (1) Personally delivering a copy to the attorney for the other party or, if no attorney, to the other party.
>                **OR**
>    (2) Mailing a copy, postage prepaid, to the last known address of the attorney for the other party or, if no attorney, to the other party.
> Be sure whoever serves the General Denial fills out and signs a proof of service. File the proof of service with the court as soon as the General Denial is served.

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. I served a copy of the General Denial as follows *(check either a or b):*

  a. ☐    **Personal service.** I personally delivered the General Denial as follows:
        (1)  Name of person served:
        (2)  Address where served:

        (3)  Date served:
        (4)  Time served:

  b. ☑    **Mail.** I deposited the General Denial in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed and mailed as follows:
        (1)  Name of person served:
        (2)  Address:

        (3)  Date of mailing:
        (4)  Place of mailing *(city and state):*
        (5)  I am a resident of or employed in the county where the General Denial was mailed.

  c.  My residence or business address is *(specify):*

  d.  My phone number is *(specify):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7-3-08

*Page Bridges*

(TYPE OR PRINT NAME OF PERSON WHO SERVED THE GENERAL DENIAL)

▶ *(signature)*

(SIGNATURE OF PERSON WHO SERVED THE GENERAL DENIAL)

PLD-050 [Rev. January 1, 2007]

**GENERAL DENIAL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkflow.com

*LOU ANN LOWENSTEIN V. SEARS ROEBUCK AND COMPANY*

SAN MATEO SUPERIOR COURT CASE NO. CIV 4733-92

## ATTACHMENT TO GENERAL DENIAL

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT FILED BY PLAINTIFF LOU ANN LOWENSTEIN ("PLAINTIFF'S COMPLAINT"), Defendant Sears, Roebuck and Co. ("Defendant") alleges:

That Plaintiff's Complaint fails to state any claim upon which relief can be granted.

AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

That based on information and belief, the Complaint and each cause of action alleged therein is barred by the applicable statues of limitations, including but not limited to, California Government Code sections 12960 and 12965, and California Code of Civil Procedure sections 335.1 and 340.

AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

That each and every act done by Defendant with regard to, or in any way related to, Plaintiff's employment with Defendant was privileged, justified, and consented to by Plaintiff as a good faith assertion of Defendant's legal and contractual rights.

AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

That Plaintiff's Complaint and each of its causes of action are barred because all acts of Defendant affecting the terms and conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-discriminatory reasons and/or as a result of business necessity.

AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

LER MENDELSON
FESSIONAL CORPORATION
at San Fernando Street
15th Floor
Jose, CA 95113.2303
408.998.4150

1  EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

2       That Plaintiff, by her own acts and omissions, including, but not limited to, her failure to

3  complain or otherwise take advantage of Defendant's policies prohibiting workplace harassment,

4  discrimination and retaliation, has waived any claims and purported claims for relief contained in the

5  Complaint.

6       AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

7  EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

8       That Plaintiff could have, through diligence, found other employment and taken other action

9  which would have mitigated her damages, and she had an affirmative duty to do so, which was

10  breached by her failure to find other employment and take other action upon the cessation of her

11  employment with Defendant Sears.

12       AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

13  CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

14       That all damages Plaintiff has suffered or will suffer are wholly or in part the result of her

15  own actions, or the actions of other parties, not the answering Defendant.

16       AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

17  EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, to the extent that

18  Plaintiff claims that she has suffered emotional distress damages due to Defendant's alleged conduct,

19  Defendant alleges:

20       That the Court's jurisdiction over the subject matter of the causes of action is preempted by

21  the exclusive remedy provisions of the California Workers' Compensation Act, California Labor

22  Code section 3200, *et seq.*, because Plaintiff's alleged injuries arose as a result of her alleged

23  employment.

24       AS AND FOR AN NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

25  AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

26  alleges:

27       That any award of punitive or exemplary damages as sought by Plaintiff would violate the

28  due process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the

LER MENDELSON
PERSONAL CORPORATION
al San Fernando Street
15th Floor
Jose, CA 95113 2303
408.998.4150

Firmwide:85626272.1 053194.1005

2.

Case No. CIV-4733-92

**AFFIRMATIVE DEFENSES (ATTACHMENT TO GENERAL DENIAL)**

1  United States Constitution, as well as the Constitution of the State of California.

2          AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND
3  EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

4          That to the extent during the course of this litigation Defendant acquires any evidence of
5  wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and
6  conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,
7  disciplined or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or
8  damages or shall reduce such claims or damages as provided by law.

9          AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
10  AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant
11  alleges:

12          That at all times relevant, Defendant promulgated an anti-discrimination policy and
13  complaint procedure which was communicated to Plaintiff, and Defendant exercised reasonable care
14  to prevent and correct promptly any inappropriate conduct.  Plaintiff unreasonably failed to take
15  advantage of the established complaint procedures, failed to take advantage of other preventative or
16  corrective opportunities provided by Defendant and otherwise failed to avoid harm.

17          AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
18  CAUSE OF ACTION SET FORTH PLAINTIFF'S COMPLAINT, Defendant alleges:

19          That Plaintiff consented to each of the allegedly wrongful acts she claims that Defendant
20  took against her.

21          AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
22  CAUSE OF ACTION SET FORTH PLAINTIFF'S COMPLAINT, Defendant alleges:

23          That Plaintiff has failed to timely exhaust her administrative remedies with the Department
24  of Fair Employment and Housing, the exhaustion of which is a condition precedent to the
25  maintenance of this action.

26          As of the filing of this General Denial, Defendant has no independent knowledge nor has yet
27  completed a thorough investigation or discovery of all facts allegedly constituting the causes of
28  action in the Complaint, and, based thereon, hereby respectfully requests leave of Court to amend

LER MENDELSON
PERSONAL Corporation
at San Fernando Street
15th Floor
Jose, CA  95113.2303
408.998.4150

Firmwide:85626272.1 053194.1005

3.

Case No. CIV-4733-92

AFFIRMATIVE DEFENSES (ATTACHMENT TO GENERAL DENIAL)

1  this Answer to include those affirmative defenses that are revealed during the course of Defendant's

2  discovery.

3                                                    **PRAYER**

4          WHEREFORE, Defendant prays:

5          1.     That Plaintiff take nothing from her Complaint and that the Complaint be dismissed

6  in its entirety with prejudice;

7          2.     That Defendant be granted its reasonable costs of defending this action;

8          3.     That Defendant be granted its reasonable attorneys' fees incurred in defense of this

9  action; and

10         4.     For such other and further relief as the Court deems just and proper.

11

12  Dated: July 3, 2008

13

14                                          DENNIS M. BROWN
                                            ERICA H. KELLEY
15                                          LITTLER MENDELSON
                                            A Professional Corporation
16                                          Attorneys for Defendant
                                            SEARS, ROEBUCK AND CO.

17

18

19

20

21

22

23

24

25

26

27

28

LER MENDELSON
fessional Corporation
51 San Fernando Street
15th Floor
nee, CA  95113.2303
408.998.4150

Firmwide:85626272.1 053194.1005                            4.

Case No. CIV-4733-92

AFFIRMATIVE DEFENSES (ATTACHMENT TO GENERAL DENIAL)